UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GEORGE R. OSBORNE and PATRISHA S. OSBORNE
d/b/a SHERWOOD FOREST,

                                 Plaintiffs,                    06-CV-4127 (CS)(LMS)

       - against -                              **MEMORANDUM DECISION**
                                                       **AND ORDER**
GERARDO FERNANDEZ, JOHN ROYALL, ARTHUR         **ADOPTING REPORT**
FREEHILL, JOHN KEMMERER, JAMES FOUTS, and      **AND RECOMMENDATION**
THOMAS ANGELL, Individually and As Members of the
Planning Board of the Town of Stanford,

                                 Defendants.
-------------------------------------------------------------------x

Appearances

George R. Osborne
Clinton Corners, New York
*Pro se Plaintiff*

Robert E. Goldman, Esq.
Pine Plains, New York
*Counsel for Plaintiff Patrisha S. Osborne*

Brian S. Sokoloff, Esq.
Steven C. Stern, Esq.
Sokoloff Stern LLP
Westbury, New York
*Counsel for Defendant Gerardo Fernandez*

John J. Walsh, II, Esq.
Paul E. Svensson, Esq.
Boeggeman, George, & Corde, P.C.
White Plains, New York
*Counsel for Defendants John Royall,*
*Arthur Freehill, John Kemmerer,*
*James Fouts, and Thomas Angell*

Seibel, J.

On May 31, 2006, Plaintiffs George Osborne ("G. Osborne") (now proceeding *pro se*) and Patrisha Osborne ("P. Osborne") (still proceeding with counsel) filed this lawsuit against Defendant Planning Board Members John Royall, Arthur Freehill, John Kemmerer, James Fouts, and Thomas Angell (collectively, "Board Member Defendants"), and Defendant Planning Board Chairman Gerardo Fernandez.  Before the Court is the Report and Recommendation of Magistrate Judge Lisa Margaret Smith dated July 16, 2008 (the "R&R"), in which she recommends that this Court grant Defendants' Motions for Summary Judgment and dismiss Plaintiffs' Complaint in its entirety.  For reasons stated herein, the Court adopts the R&R, grants Defendants' Motions, and dismisses Plaintiffs' Complaint.

I. Background

    A. Facts & Procedural History

The Court will only briefly discuss the background of the case.  Otherwise, I adopt the statement of facts as it is thoroughly set forth in the R&R.[1]

---

[1] Plaintiff G. Osborne objects to the R&R on the ground that it fails to "set forth a clear narrative which correctly states the facts which led to this litigation." (G. Osborne Objections ("Objs.") at 3.)  In doing so he cites to no material facts in the record that Magistrate Judge Smith overlooked in setting forth her thorough recitation, nor does he point to any particular fact in the R&R as inaccurate.  Each sentence in Magistrate Judge Smith's approximately nineteen-page factual recitation finds support in the record, citation to which follows nearly every sentence.  Plaintiff's general objection to the content of Magistrate Judge Smith's statement of facts warrants this Court's review for clear error, and the Court finds none.  *See Colida v. Nokia Inc.*, No. 07-CV-8056, 2008 U.S. Dist. LEXIS 75450, at *4-5 (S.D.N.Y. Sept. 26, 2008) (reviewing recommendation for clear error where *pro se* plaintiff's objection was general and conclusory). (Copies of unreported decisions cited in this Opinion will be provided to Plaintiff G. Osborne.)

Plaintiffs own 132 acres of land in the Town of Stanford, New York.  Desiring to subdivide this parcel into separate plats of land, Plaintiffs began the subdivision application process by appearing before the Town of Stanford Planning Board ("Planning Board") on September 29, 2004, for a "pre-application conference."  Over the next several years, the application process continued, and, to this day, Plaintiffs have not received final approval for their proposed subdivision.  Plaintiffs did, however, receive preliminary approval of their application on August 30, 2006, six weeks after this lawsuit was filed.

In their Complaint, Plaintiffs allege that Defendants "engaged and participated in a scheme, beginning in 2004, to deny [P]laintiffs' application for approval of a small residential subdivision."  (Compl. ¶ 1.)  According to Plaintiffs, Defendants' alleged actions in connection with Plaintiffs' application "were committed in bad faith, and were malicious, intentional, and deliberate."  (*Id.* ¶ 114.)

Plaintiffs' Complaint alleges causes of action pursuant to 42 U.S.C. § 1983 ("Section 1983") – (1) violation of Plaintiffs' First Amendment rights "by prohibiting plaintiffs from speaking with other applicants and from speaking or communicating with Board-appointed professional consultants assigned to plaintiffs' project" (*id.* ¶¶ 2, 116-18); (2) violation of Plaintiffs' procedural due process rights "by creating Planning Board operating rules which intentionally and indefinitely delay and defer consideration and determination and eventually lead to the denial of plaintiffs' application" (*id.* ¶¶ 2, 119-21); (3) violation of Plaintiffs' substantive due process rights "by failing and refusing to make decisions or by reversing decisions, and thereby depriving plaintiffs of valuable property interests" (*id.* ¶¶ 2, 122-24); and (4) violation of Plaintiffs' rights to equal protection of the law "by unequal application and

selective enforcement of the Town Subdivision Law" (*id.* ¶¶ 2, 125) – as well as various claims under New York State law: (5) breach of duty of good faith and fair dealing (*id.* ¶¶ 127-33); (6) deceptive acts and practices in violation of New York General Business Law § 349 (*id.* ¶¶ 134-38); (7) intentional, knowing, and malicious destruction of rights, property, and future opportunity (*id.* ¶¶ 139-40); and (8) intentional infliction of emotional distress (*id.* ¶¶ 141-46).

On August 31, 2007, the Board Member Defendants filed a Motion for Summary Judgment (Doc. 41), and on October 24, 2007, Defendant Fernandez also filed a Motion for Summary Judgment (Doc. 47). The Honorable Charles L. Brieant referred the case to Magistrate Judge Smith for all purposes on February 20, 2007.[2] Magistrate Judge Smith issued a report and recommendation with regard to Defendants' Motions on July 16, 2008. (Doc. 71.)

Plaintiffs Patrisha and George Osborne filed objections to the R&R on September 15, 2008, and November 26, 2008, respectively. (Docs. 85, 93.) The Board Member Defendants and Defendant Fernandez responded to Plaintiffs' Objections in letters dated January 9, 2009, and January 11, 2009, respectively.[3] (Docs. 95, 96.)

---

[2] Judge Brieant passed away in July 2008, and the case was reassigned to me on August 5, 2008.

[3] Also before the Court is Plaintiff G. Osborne's January 23, 2009 Motion for Order Vacating this Court's Order Dated and Filed November 20, 2008, or in the Alternative, Issuing an Amended Order (Doc. 94). According to Plaintiff, the Order should be vacated because it is inaccurate and contains unwarranted personal accusations about Plaintiff.
The Motion is denied. For reasons set forth in the Order, there are questions as to whether Plaintiff was candid in his November 19, 2008 communication to the Court. The Order was not, however, intended to be a personal attack on Plaintiff G. Osborne, but instead was intended to serve as a caution regarding his duty of candor. Plaintiff can rest assured that, contrary to his expressed concern, nothing contained in or leading up to the November 20, 2008 Order has resulted in prejudice to Plaintiff or affected my consideration of his Objections. The Court has undertaken an objective evaluation and consideration of the present Motions and of Plaintiffs' case.

B. Summary of Recommendations

Magistrate Judge Smith has recommended that this Court adopt the following dispositions with respect to Plaintiffs' various pending claims:

(1) grant summary judgment to Defendants on Plaintiffs' due process and equal protection claims on the ground that they are not yet ripe for adjudication;

(2) even if the claims are ripe, grant summary judgment to Defendants on Plaintiffs' due process claims on the ground that Plaintiffs have not established that they possess a cognizable property interest;

(3) even if the claims are ripe, grant summary judgment to Defendants on Plaintiffs' equal protection claim for failure to demonstrate the existence of an issue of fact in connection with Plaintiffs' claim of selective enforcement;

(4) grant summary judgment to Defendants on Plaintiffs' First Amendment claims for lack of merit as a matter of law; and

(5) decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

(R&R 36-37.)[4]

---

[4] According to Plaintiff G. Osborne, the equal protection and First Amendment claims were withdrawn. (G. Osborne Objs. 34-35.) Plaintiff P. Osborne's Objections do not address Magistrate Judge Smith's recommendation that the First Amendment and equal protection claims should be dismissed. Therefore, this Court assumes that P. Osborne has also withdrawn these claims. To the extent, however, that P. Osborne has not voluntarily withdrawn these claims, the Court, finding no clear error in Magistrate Judge Smith's recommendation with respect to them, dismisses them for the reasons stated in the R&R.

II. Analysis

    A. Standard of Review

        1. Review of Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).[5]

2. Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*. On a motion for summary judgment, courts must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001) (internal quotation marks omitted). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue

---

[5] Magistrate Judge Smith declined to afford G. Osborne's arguments the leniency ordinarily afforded to *pro se* litigants, because he was formerly a licensed attorney. (R&R 13-14.) G. Osborne has not objected to this portion of the R&R, and it is not clearly erroneous. Nevertheless, in an excess of caution, I will apply the more liberal *pro se* standard to G. Osborne's objections to the R&R.

of material fact. The burden then shifts to the nonmoving party "to present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2); *see Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). "Where a summary judgment motion is supported or opposed by affidavits, those 'affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) (quoting Fed. R. Civ. P. 56(e)).[6]

B. Discussion

1. Due Process Claims

Magistrate Judge Smith has recommended that this Court grant summary judgment in favor of Defendants on Plaintiffs' due process claims on the ground that, without a final decision from the Planning Board on Plaintiffs' subdivision application, the claims are not yet ripe for adjudication. (R&R 45-48.) Plaintiffs object to this recommendation, arguing that Magistrate

---

[6] Plaintiff G. Osborne protests that Defendants have not supported their Motion by affidavits. (G. Osborne Objs. 10-11.) Under Rule 56, however, affidavits are not required, *see* Fed. R. Civ. P. 56(a), (b), and the kinds of materials submitted by Defendants – largely depositions and Board documents – are appropriately considered, *see* Fed. R. Civ. P. 56(e).

Judge Smith misunderstood the nature of their due process claims and did not take into account Plaintiffs' allegations of Defendants' bad faith.  (P. Osborne Objs. 2-4, 8-10; G. Osborne Objs. 16-17.)  According to Plaintiffs, Magistrate Judge Smith ignored the many instances of bad faith alleged by Plaintiffs and demonstrated in the record.  (P. Osborne Objs. 8-10.)[7]

Plaintiffs state that their due process claims are premised on the twenty-one months, from September 2004 to June 2006, during which Plaintiffs could not obtain preliminary approval and the required SEQRA declaration from the Planning Board due to the Planning Board's "bad faith to delay, deny, and ultimately destroy plaintiffs' application for approval of the project."  (G. Osborne Objs. 4-5; *accord* P. Osborne Objs. 3-4, 8-10.)[8]  Plaintiffs argue that they have already

---

[7] The R&R demonstrates that Magistrate Judge Smith did in fact understand the nature of Plaintiffs' claims and that Plaintiffs' allegations of bad faith were not overlooked.  *See, e.g.*, R&R 15-16 (setting forth Plaintiffs' allegations that Defendants, in an effort to undermine and delay Plaintiffs' application, directed Plaintiffs to appear before the Town Board prematurely); *id*. 29 ("Plaintiffs argue, however, that the Planning Board's retention of its own attorney was done in an effort to delay the Plaintiffs' application further . . . ."); *id*. 32 ("The crux of the Plaintiffs' Complaint is that the Defendants *intentionally* delayed Plaintiffs' application to subdivide their property and that such *intentional* delay and obfuscation amounted to *willful bad faith* conduct in violation of the federal constitution and state law." (emphasis added)); *id*. 32-33 ("Plaintiffs allege that the Defendants . . . violated their Fourteenth Amendment rights to procedural and substantive due process by *willfully and intentionally* delaying Plaintiffs' application process for 21 months and by enactment and enforcement of procedural rules that are designed to create endless delays" (emphasis added) (internal quotation marks omitted)).

[8] As evidence of Defendants' bad faith, Plaintiffs point to the Planning Board's hiring of an attorney to review – and, according to Plaintiffs, sabotage – Plaintiffs' application after it had already been pending for eighteen months (G. Osborne Objs. 5), as well as Defendants' willful ignorance of legally-imposed deadlines (P. Osborne Objs. 9-10) and Defendants' purposeful delay of the application by improperly sending it to the Town Board without making a recommendation or otherwise following proper procedure (*id*. 8).  According to Plaintiffs, the best evidence that the delay in granting Plaintiffs' application for preliminary approval was due to bad faith is the fact that within only six weeks after this lawsuit was filed, Plaintiffs application was granted preliminary approval, after the Planning Board failed to grant such approval for two years.  (G. Osborne Objs. 7-8, 19; P. Osborne Objs. 5 n.6.)

9

suffered an actual, concrete injury due to Defendants' bad faith conduct and that, therefore, regardless of the ultimate outcome on their subdivision application, their constitutional rights were violated in the course of the application process, a claim for the vindication of which is now ripe for adjudication.[9]

Because Plaintiffs have objected to Magistrate Judge Smith's recommendation that their due process claims should be dismissed on ripeness grounds, the Court will analyze this issue *de novo*.[10]

The concept of "ripeness" is "rooted in Article III's case or controversy requirements and the prudential limitations on the exercise of judicial authority." *S&R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d 452, 460 (S.D.N.Y. 2008). The ripeness requirement "ensure[s] that a dispute has generated injury significant enough to satisfy the case or controversy requirement of Article III of the U.S. Constitution." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002). This requirement also prevents courts from "entangling [themselves] in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur, depending on the final administrative resolution." *Id*. The

---

[9] The Court reads Plaintiffs' submissions as asserting primarily two injuries: the bad faith, intentional delay suffered by Plaintiffs during the processing of their subdivision application, and the lost opportunity to sell a sixty-acre parcel of their property for $1.2 million. (G. Osborne Objs. 6, 16-17.)

[10] Defendants urge the Court to review Magistrate Judge Smith's R&R for clear error because, according to Defendants, the general arguments raised by Plaintiffs in their objections do not warrant *de novo* review. (Letter from John J. Walsh II, Esq., to the Court, dated Jan. 9, 2009 ("Board Defs. Resp."); Letter from Brian S. Sokoloff, Esq., to the Court, dated Jan. 11, 2009 ("Def. Fernandez Resp.").) The Court disagrees and finds that – although not a model of clarity – the objections on this issue are specific enough (especially in light of G. Osborne's *pro se* status) to warrant *de novo* review here.

ripeness requirement defers federal review of claims until they have "arisen in a more concrete and final form." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005).

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court created a two-pronged ripeness test for the Fifth Amendment takings context: (1) the government entity must have rendered a "final decision" on the matter; and (2) the plaintiff must have "sought just compensation by means of an available state procedure." *Dougherty*, 282 F.3d at 88 (citing *Williamson*, 473 U.S. at 186, 194-95). In the land use context, prong one of the *Williamson* ripeness test also applies to Section 1983 due process and equal protection claims. *See id.* at 88-89; *see also Lost Trail LLC v. Town of Weston*, 289 F. App'x 443, 444 (2d Cir. 2008) (summary order). The final decision requirement ensures that, when analyzing a Section 1983 challenge to the constitutionality of a local land use decision, a federal court has "the benefit of a fully developed record, a precise demonstration of how local regulations would be applied to the particular property, and knowledge of whether a variance or approval of alternative plans could provide the relief the land owner seeks." *Lawson v. E. Hampton Planning and Zoning Comm'n*, No. 07-CV-1270, 2008 U.S. Dist. LEXIS 72506, at *7-8 (D. Conn. Sept. 22, 2008); *accord Lost Trail LLC*, 289 F. App'x at 445.

"A final decision is 'a definitive position on the issue that inflicts an actual, concrete injury.'" *R-Goshen LLC v. Vill. of Goshen*, 289 F. Supp. 2d 441, 448 (S.D.N.Y. 2003) (quoting *Williamson*, 473 U.S. at 193), *aff'd* 115 F. App'x 465 (2d Cir. 2004). In a land use development context, a final decision requires that "a development plan must be submitted, considered and rejected by the governmental entity. Even when the plaintiff applies for approval of a subdivision plan and is rejected, a claim is not ripe until plaintiff also seeks variances that would

allow it to develop the property." *Country View Estates @ Ridge, LLC v. Town of Brookhaven*, 452 F. Supp. 2d 142, 149 (E.D.N.Y. 2006) (internal quotation marks omitted).  It follows, conversely, that a delay in rendering a final decision – eight years in the *Williamson* case, *see* 473 U.S. at 177-81 – does not inflict the actual, concrete injury necessary to render a claim ripe, *see Dougherty*, 282 F.3d at 89 (not ripe despite five-and-a-half-year delay); *Homefront Org. v. Motz*, 570 F. Supp. 2d 398, 406 n.6 (E.D.N.Y. 2008) (collecting cases).

It is clear from the record that Plaintiffs have not yet received a final decision on their subdivision application and that, therefore, their due process claims are not ripe for adjudication.[11]  Without a final decision from the Planning Board on Plaintiffs' application, "the Court's assessment of plaintiff's injury caused by defendants' alleged constitutional violations is speculative for Article III purposes."  *Country View Estates*, 452 F. Supp. 2d at 150.[12]  The types

---

[11] As an alternative argument, Plaintiffs claim that there has been a final decision on their application because once preliminary approval has been granted – which it has now – final approval is a mere rubber stamp. (G. Osborne Objs. 8; *id*. 22-23 ("There is nothing remaining for the Board to decide or to require.  The Board already did it all."); *id*. 24 ("[P]reliminary approval is the whole ball game; after that approval[,] everything is pro forma, for all the necessary review and the necessary decisions are made by the Planning Board before it will grant preliminary approval.").)

This position is not supported by the record in two respects.  First, Plaintiffs admit that they have not even filed an application for final approval and the time limit (180 days from receiving preliminary approval) for doing so has passed.  Final approval, therefore, is far from certain at this point.  Second, the Stanford Town Code makes clear that, even after granting preliminary approval, the Planning Board retains discretion over the final subdivision application.  *See* Town Code § 140-9(D)(2) ("The Planning Board shall either approve, conditionally approve, with or without modification, or disapprove the final plat.").  Therefore, for purposes of the ripeness inquiry, the Court finds that there has been no final decision on Plaintiffs' subdivision application.

[12] Plaintiffs insist that there is no need to wait for a final decision from the Planning Board because it is not a decision that Plaintiffs are challenging here – indeed, according to Plaintiffs, their constitutional rights have been violated in part by Defendants' failure to render a decision. (G. Osborne Objs. 3, 6 ("[T]his action was ripe for judicial resolution the day it began,

of injuries claimed by Plaintiffs – delay and bad faith in the processing of their application and loss of desired use of their property – are precisely the types of claimed injuries that require a final decision to become potentially cognizable.  *See Lost Trail LLC*, 289 F. App'x. at 445 (lost or delayed use of property is a claimed injury subject to the ripeness requirement of a final decision); *Dougherty*, 282 F.3d at 90 (due process claim not ripe because no final decision, despite five-and-a-half-year delay, indications plaintiff was treated unfairly by defendants, and allegations that plaintiff lost use of and rental income from property while application pending). Plaintiffs argue that their claim is based, at least in part, on the Planning Board's "fail[ure] to take final action," (G. Osborne Objs. 25), but, as pointed out in the R&R, (R&R 46-47), the fact that Plaintiffs have not yet even applied for final action further reinforces why this claim is premature.[13]

---

and was brought out of a fear and a belief that without it there would never be any decision and never be any approval by the defendants."); P. Osborne Objs. 5.)

   Though the Court is not unsympathetic to Plaintiffs' frustration, an Article 78 proceeding in state court, as opposed to a premature Section 1983 action, would have been the appropriate avenue through which to address these concerns.  *R-Goshen*, 289 F. Supp. 2d at 449 ("If Plaintiff thought that the Planning Board was refusing either to approve or deny his application, it could and should have brought an Article 78 proceeding in state court to force the Planning Board to make a decision."); *see Dougherty*, 282 F.3d at 89; *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 131 (2d Cir. 1998).

   [13] In *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 n.2 (2d Cir. 2006), in a summary order of no precedential value, *see* Local Rule 32.1(b) of the United States Court of Appeals for the Second Circuit, the Second Circuit, in *dictum*, suggested that equal protection and due process claims might not be subject to the final decision requirement where the "constitutional injury had already been inflicted."  Plaintiffs argue that they have already suffered a constitutional injury from the twenty-one month delay, and that, therefore, the final decision prong does not apply in this case.  The Court disagrees; delay alone is insufficient, and the injuries alleged by Plaintiffs will not be concretely defined until there exists a final decision on Plaintiffs' subdivision application.
   *Adrian* seems to conflict with *Dougherty* and other Second Circuit cases applying the final decision requirement to equal protection and due process claims.  *See, e.g.*, *Murphy*, 402

To the extent that Plaintiffs intend, through their allegations of bad faith and delay, to argue that they are entitled to take advantage of the futility exception to the final decision requirement, that argument is likewise rejected. Though not yet definitively delineated by the Second Circuit, *see Homefront Org.*, 570 F. Supp. 2d at 407 (Second Circuit has not determined "what the precise contours of the futility exception are" (internal quotation marks omitted)), courts in this Circuit have found that in order to invoke the futility exception, a plaintiff must demonstrate: (1) the inevitability of refusal of their application, taking into consideration factors such as "the defendants' hostility, delay and obstruction," *Dix v. City of New York*, No. 01-CV-6186, 2002 U.S. Dist. LEXIS 18262, at *18 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks omitted); and (2) that plaintiff has filed "at least one meaningful application," *id*. at *18-19 (internal quotation marks omitted).

To demonstrate futility, Plaintiffs must prove that Defendants have "'dug in [their] heels and made clear that all . . . applications will be denied.'" *S&R Dev. Estates LLC*, 588 F. Supp. 2d at 463 (quoting *Murphy*, 402 F.3d at 349). Plaintiffs have failed to make this showing. First, there is no indication that denial of Plaintiffs' application is inevitable, especially in light of the fact that Plaintiffs' application has been granted preliminary approval. Further, to the extent denial of Plaintiffs' instant application might be considered inevitable at this point, it is due to Plaintiffs' own admitted failure to submit an application for final approval within the required

---

F.3d at 350-51; *Southview Assocs. Ltd. v. Bungartz*, 980 F.2d 84, 96-97 (2d Cir. 1992). Indeed, *Dougherty*, on which *Adrian* relied, made plain that the final decision prong of the *Williamson* ripeness test applied to claims such as those asserted here. It carved out an exception for First Amendment retaliation claims, finding that revocation of the plaintiff's building permit allegedly in retaliation for protected activity caused an immediate and concrete injury the contours of which would not be further defined by further administrative proceedings. *See Dougherty*, 282 F.3d at 90. No comparable circumstances are present here.

time frame.  *See Country View Estates*, 452 F. Supp. 2d at 154 (futility exception inapplicable where plaintiff made conclusory allegations of defendants' bad faith and intentional delay but where plaintiff's own actions in failing to submit timely application contributed to delay). Plaintiffs' failure to submit a final application within the requisite time period also precludes a finding that they submitted a "meaningful application."  *See Goldfine v. Kelly*, 80 F. Supp. 2d 153, 159 (S.D.N.Y. 2000) (futility exception inapplicable, despite allegations of hostility and delay, because plaintiff had not yet applied for the necessary approval); *see also Dix*, 2002 U.S. Dist. LEXIS 18262, at *19 (futility exception inapplicable because, among other reasons, plaintiff withdrew application due to defendants' alleged bias).

Nor does the fact that Plaintiffs' application was pending before the Planning Board for more than eighteen months at the time of the Complaint excuse Plaintiffs' case from the final decision requirement.  Courts have found claims asserting far longer delays to be unripe and ineligible for the futility exception.  *See e.g.*, *Williamson*, 473 U.S. at 177-81, 192-93 (claim not ripe after eight-year application process); *Dougherty*, 282 F.3d at 89 (claim not ripe after five-and-a-half-year delay); *Country View Estates*, 452 F. Supp. 2d at 155 (no futility based on two-year delay); *Goldfine*, 80 F. Supp. 2d at 161 (three-year delay insufficient to invoke futility exception).  Courts have also declined to invoke the futility exception even where, as here, a plaintiff claimed that the defendant decisionmakers were hostile to plaintiff's proposed development or acting in bad faith.  *See S&R Dev. Estates LLC*, 588 F. Supp. 2d at 463 ("Futility does not exist merely because of hostility to the developer's plans."); *Homefront Org.*, 570 F. Supp. 2d at 408 (mere allegations of open hostility, bad faith, and malicious intent insufficient to invoke futility exception); *RKO Delaware, Inc. v. City of New York*, No. 00-CV-2592, 2001 U.S.

Dist. LEXIS 17644, at *10-11 (E.D.N.Y. Aug. 28, 2001) (defendant's hostility, delay, and obstruction are factors in futility analysis, but given *Williamson*'s finding of no ripeness despite eight-year application process, "excessive delay would have to be considerable" (internal quotation marks omitted)); *Goldfine*, 80 F. Supp. 2d at 161 (allegations of hostility, including misinterpretation of regulations to make development more difficult, "insufficient to show that the prospect of refusal is certain and invoke the narrow futility exception" (internal quotation marks omitted)).

Having reviewed this issue *de novo*, the Court finds, for the reasons set forth in the R&R and herein, that Plaintiffs' due process claims are not yet ripe for adjudication and therefore that this Court lacks jurisdiction.[14]

---

[14] Magistrate Judge Smith alternatively recommended that, if this Court found Plaintiffs' due process claims to be ripe, the Court should nonetheless dismiss these claims because Plaintiffs have failed to establish a property interest. Plaintiffs have both vehemently objected to this recommendation. The Court has reviewed this issue *de novo* and finds that, even if Plaintiffs' claims were ripe, it does not appear that they have a property interest to support their due process claims for the reasons set forth in Magistrate Judge Smith's R&R.

First, the considerable discretion entrusted to the Planning Board in reviewing subdivision applications precludes any claim of entitlement to a particular outcome on an application. *Ruston v. Town Bd. for Skaneateles*, No. 06-CV-927, 2008 U.S. Dist. LEXIS 104129, at *11 (N.D.N.Y Dec. 22, 2008) ("If the governmental entity possesses discretion, the plaintiff does not have a legitimate entitlement and, therefore, lacks a property interest."). Further, Plaintiffs have failed to come forward with authority for their insistence that vesting and equitable estoppel principles would apply to claims such as those asserted here, where Plaintiffs are seeking zoning approvals, as opposed to claims arising where municipalities attempt to change zoning laws to disrupt an already-commenced project that was permitted under the old rules. Finally, the availability of Article 78 – as well as Plaintiffs' failure to take advantage of it – suggests strongly that there is no cognizable procedural due process claim here. *See Orange Lake Assocs. v. Kirkpatrick*, 21 F.3d 1214, 1221, 1224 (2d Cir. 1994) (including plaintiff's failure to seek Article 78 hearing among reasons procedural due process violation failed).

### 2. State Law Claims

In light of her recommendations with respect to Plaintiffs' federal claims, Magistrate Judge Smith recommended that this Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs have not objected to this recommendation, except to the extent that they have argued that their federal claims should not be dismissed. Having granted summary judgment to Defendants on Plaintiffs' federal claims, the Court adopts Magistrate Judge Smith's recommendation regarding the state law claims and declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

### III. Conclusion

For the reasons stated above, the Court adopts Magistrate Judge Smith's detailed and thorough Report and Recommendation dated July 16, 2008, as the decision of the Court, and therefore grants Defendants' Motions for Summary Judgment and dismisses Plaintiffs' Complaint. The Court also denies Plaintiff G. Osborne' s January 23, 2009 Motion For an Order Vacating this Court's November 20, 2008 Order. The Clerk of Court is respectfully directed to terminate the pending Motions (Doc. 41, 47, 94), and close the case.

Dated: March 30, 2009
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

17